*In re* Govan's Estate.

(2 Misc. Rep. 291.)

*(Surrogate's Court, Westchester County, Filed February,* 1893.)

1. ADMINISTRATORS—FURTHER INDEBTEDNESS—INCREASE OF BOND

On an application by an alleged creditor of a decedent, whose will was probated in a foreign tate, and the executors of which were appointed ancillary administrators here, to have the penalty of their bond increased so as to cover her indebtedness, the court cannot try the question of the alleged indebtedness, although disputed.

2. SAME—AMOUNT OF BOND.

Ancillary administrators having been appointed and duly qualifying (Code Civ. Pro. sec. 2667) by giving bond in $120, being double the amount of a debt ($60) alleged by them to be due by decedent to a resident in New York, the assets in this State being also alleged to be under $100 in value, *held*, that the application of an alleged creditor to the extent of $240 to have the bond increased to $600 penalty should be denied, as the only object of the bond was to secure the creditors to the extent of the value of the assets.

The will of decedent, who died in Connecticut, was proved in

that State by his executors, Henry F. Smith and James H. Groom, who were thereafter appointed ancillary administrators here, on their petition alleging assets to the extent of $100 in Westchester County, N. Y., and that decedent owed $60 to a resident of this State, and on giving bond in the sum of $120.

Subsequently Harriet Govan applied for an order that the penalty of the bond be increased to $600, claiming that decedent owed her $240. Denied.

I. J. Beaudrias, for petitioner; F. X. Donoghue, for ancillary administrators.

COFFIN, S.—This court cannot try the question of the alleged indebtedness, but must regard the claim of the petitioner, although disputed, as sufficient to entitle her to make an application of this character. Nevertheless the prayer of her petition must be denied. She asks for a bond in the penalty of $600; the admitted debt being $60, and her claim $240, making $300 —the half of the proposed penalty. She does not claim that the value of the assets in this State exceeds $100, which is the amount stated in the petition for the letters. Now, by section 2699 of the Code, before such letters can be issued, the persons to whom they are awarded must qualify as prescribed in section 2667, to wit, by giving a bond in a penalty not less than twice the value of the personal estate of the deceased, except that the penalty of the bond may, in the discretion of the surrogate, be in a sum not exceeding twice the amount which appears to be due from the decedent to residents of the State. This discretionary power was exercised in this case. It would seem that unless the surrogate exercise this discretion the penalty of the bond should be twice the amount of the value of the assets in this State, and then, in this case, the penal sum would have been $200. It would be absurd to hold that the Legislature intended that where the amount of the assets was only $100, and the amount of the debts $5,000, the executors should give a bond in the penal sum of $10,000. The amount of the penalty

of an administrator's bond is fixed, not with regard to the debts the intestate owed, but the value of his personal estate. The only object of the bond here is to secure the creditors to the extent of the value of the assets. The prayer of the petition is therefore denied, with $10 costs of the motion.